UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TALON ROPER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 2:20-cv-00031-JRS-MJD |
| ) | |
| RICHARD BROWN, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DENYING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

The petition of Talon Roper for a writ of habeas corpus challenges a prison disciplinary proceeding identified as WVE 19-11-0068. Dkt. 1. The respondent has responded, dkt. 10, and the petitioner replied, dkt. 11. For the reasons explained in this Entry, Ms. Roper's habeas petition must be **denied**.

 **A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

1

**B.     The Disciplinary Proceeding**

On November 22, 2019, Officer Butler wrote a conduct report that charged Mr. Roper with class B offense 235, fleeing or resisting staff in the performance of duties. Dkt. 10-1. The conduct report stated:

> On the above date and time [11-22-19 at 1440 pm] I C/O M. Butler was assigned to the North Yard. I observed Roper, Talon #211154 walking in front of FHU returning from Muslim service. Roper #211154 resides in G421 and is supposed to use the center sidewalk when returning to the housing unit. I C/O Butler walked up to Roper and asked for his I.D. Roper stated "I'm not giving you my I.D.["] and kept on walking. I again asked for the I.D. and Roper stopped, started argueing with me and still refused to give me his I.D. At this time Sgt. A. Chambers walked up and told Roper to turn around. Sgt. Chambers placed Roper in mechanical retraints and escorted him back to cell #421 in GHU.

Dkt. 10-1 (errors in original).

Mr. Roper was advised of his disciplinary process rights on November 27, 2019, pleaded not guilty, requested one witness, M. Woods, and asked for the definition of the charge to be in evidence at the hearing. Dkt. 10-2.

A hearing was held on December 3, 2019. Dkt. 10-4. Mr. Roper claimed at the hearing that he never left the presence of Officer Butler and thus never fled anywhere. *Id*. He further stated that he never refused to provide his identification to the officer but had said that he would not leave the officer's presence without first getting back his identification. *Id.* Two offender witness statements and one staff witness statement were received at the hearing. Dkts. 10-5, 10-6, 10-7.

One offender said that the officer "lunged" at Mr. Roper, dkt. 10-5, which Mr. Roper himself never claimed to have happened. That same offender said that Mr. Roper complied with every order "except giving Ofc. Butler his I.D." *Id.* The other offender said that Mr. Roper complied with the request for his identification. Dkt. 10-7. Sgt. Chambers provided a statement that corroborated the conduct report. Dkt. 10-6.

The hearing officer considered the conduct report, witness statements, and the definition of the 235 charge in finding Mr. Roper guilty. *Id.* Mr. Roper was sanctioned with three months in disciplinary restrictive status housing, which was suspended, loss of phone and email privileges, loss of 90 days of earned credit time, and a one-step demotion in time-earning class. Dkt. 10-4.

On appeal, the charge was modified to a 252, interfering with staff, but the sanctions were kept the same. Dkt. 10-9.

### C. Analysis

Mr. Roper alleges that his due process rights were violated. His single claim is that he was not provided an impartial decision-maker.

"A 'sufficiently impartial' decision-maker is . . . necessary, in order to shield the prisoner from the arbitrary deprivation of his liberties." *White v. Ind. Parole Bd.,* 266 F.3d 759, 768 (7th Cir. 2001). But "the constitutional standard for impermissible bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Id.*; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed on the prison staff. *Piggie*, 342 F.3d at 666. The presumption of impartiality is overcome only in rare cases, such as when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

Here, Mr. Roper does not allege that the hearing officer was involved in the investigation of this case. Rather, he contends that the same hearing officer in one of Mr. Roper's previous discipline hearings changed her finding from guilty to not guilty on the hearing report form. Dkt.

3

1-1. Although the hearing officer allegedly ruled in his favor, Mr. Roper suspects that the hearing officer had prejudged him in the earlier case, thus making it possible that the hearing officer did the same thing in this one. As noted above, a hearing officer is not deemed impartial merely because she heard an inmate's prior case, especially when that hearing officer found in the inmate's favor after hearing the evidence. Mr. Roper's theories do not rise to the level required to demonstrate unlawful bias. There is simply no evidence of bias here. His claim fails.

Mr. Roper was given proper notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Roper's due process rights.

### D.     Conclusion

For the above reasons, Mr. Roper is not entitled to the relief he seeks. His petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date:   11/5/2020

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

TALON ROPER
211154
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

David A. Arthur
INDIANA ATTORNEY GENERAL
David.Arthur@atg.in.gov